UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARENCE KIRKLAND,

                    Plaintiff,

          -against-

HON. ANNE E. MINIHAN; BARBARA
ZAMBELLI,

                    Defendants.

20-CV-8973 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question

jurisdiction, alleging that Defendants violated his constitutional rights during his state court

criminal proceedings. By order dated October 30, 2020, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff filed this complaint seeking $50 million in damages against two Westchester County Court judges, Anne E. Minihan and Barbara Zambelli. Plaintiff alleges that his state court criminal proceedings were unfair, and he "want[s] this case back in court so the truth could be told." (ECF 2 ¶¶ III-IV.) The events giving rise to this complaint allegedly occurred on July 13, 2002, January 4, 2004, July 13, 2016, September 1, 2017, and August 31, 2018.

According to Plaintiff, New York State Court of Appeals Chief Judge Janet Difiore "falsified" documents; "put forcible which it wasn't," and "said that the girl was 14 and she was not." Plaintiff asserts that the "alleged victim" told him that "she was 18 years old" and that she "reported" him only after he told her that he had a girlfriend. Plaintiff also alleges that "she" — presumably one of the judges — was "very bias[ed]" toward him, that he got "10 years' probation," and that "if they said it was forcible [he] would have gone to jail." Plaintiff further claims that "there was no indictment and no signed SCI," and that the Legal Aid Society "said that [he] should never have gone to jail for that crime." Finally, Plaintiff claims that he was "illegally" sentenced as a predicate offender. (*Id.*)

## DISCUSSION

The Court construes the complaint as asserting constitutional claims under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.    Judicial Immunity

Plaintiff's claims under federal law against Judges Minihan and Zambelli are barred under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for claims against them in their individual capacities for damages for any actions taken

within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)

(applying judicial immunity to claims under § 1983); *Deem v. DiMella-Deem*, 941 F.3d 618,

620-21 (2d Cir. 2019) (same as to claims under § 1983 and § 1985), *cert denied*, 140 S. Ct. 2763

(2020); *Chmura v. Norton, Hammersley*, *Lopez & Skokos Inverso PA*, No. 3:17-CV-2164, 2018

WL 2138631, at *2 (D. Conn. May 9, 2018) (same as to §§ 1983, 1985, and civil RICO).

Generally, "acts arising out of, or related to, individual cases before [a] judge are considered

judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad

faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout

insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v.

Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

      Judicial immunity does not apply when a judge acts outside his or her judicial capacity,

or when a judge takes action that, although judicial in nature, is taken "in the complete absence

of all jurisdiction." *Mireles*, 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing

actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed

broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356

(1978). This immunity also applies to government officials, including New York Supreme Court

Justices' law secretaries, for their acts that assist a judge in the performance of his or her judicial

duties. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Gollomp*, 568 F.3d at 365. And an

amendment to § 1983 prohibits injunctive relief against a judge in his or her judicial capacity

unless a declaratory decree was violated or declaratory relief is unavailable. *See* § 1983.

      It is clear from the complaint that Plaintiff's claims against Judge Minihan and Judge

Zambelli arise from actions they took while presiding over Plaintiff's state-court criminal

proceedings.[1] Any such conduct is well within the scope of their judicial duties. Judge Minihan and Judge Zambelli are therefore immune from suit under the doctrine of judicial immunity. Accordingly, the Court dismisses Plaintiff's claims against Judge Minihan and Judge Zambelli under the doctrine of judicial immunity and as frivolous. *See* § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].")

## B.     Favorable Termination Rule

Because Plaintiff was convicted of the crimes charged, and because he does not allege that the conviction was reversed, expunged, or otherwise declared invalid, the Court must dismiss Plaintiff's § 1983 damages claim that he was wrongfully convicted or sentenced. Plaintiff's claim is barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has explained:

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*.").

---

[1] Plaintiff does not name Judge Difiore as a defendant, but she is also immune from suit.

Because success on Plaintiff's § 1983 claims would necessarily imply the invalidity of his conviction, and because Plaintiff has not alleged that his conviction was overturned or otherwise invalidated, *Heck*'s favorable termination rule bars his claim for money damages. *See Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under § 1983."). The Court must therefore dismiss Plaintiff's § 1983 claim that he was wrongfully convicted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.      Challenge to Conviction or Sentence

Plaintiff may not challenge the legality of his conviction in a § 1983 action; he can only obtain such relief by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement). A state prisoner may not circumvent the exhaustion requirement for *habeas corpus* relief by requesting release from custody in a civil action. *Preiser*, 411 U.S. at 489-90.

To the extent that this submission can be construed as a § 2254 petition, the petition must be dismissed because Plaintiff has not demonstrated that he has exhausted his available state remedies in accordance with 28 U.S.C. § 2254(b) and (c).[2] *See Coleman v. Thompson*, 501 U.S.

---

[2] Plaintiff should note that under the Antiterrorism and Effective Death Penalty Act of 1996, which modified the *habeas corpus* statutes, a person in state custody must generally file a § 2254 petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d).

722, 731 (1991) ("[A] state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.").

Plaintiff may file a petition for a writ of *habeas corpus* once all available state remedies have been exhausted.

**D.    Leave to Amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). Any *habeas corpus* claims under 28 U.S.C. § 2254 are dismissed without prejudice.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    November 12, 2020
          New York, New York

                                            *Louis L. Stanton*
                                            Louis L. Stanton
                                            U.S.D.J.